ADA K. LANG, ORA M. DOANE AND HER HUSBAND, L. C. DOANE, AND THOMAS O. KENNARD, *Appellents*, v. S. J. KENNARD, J. B. KENNARD AND BERTHA KELLUM, *Appellees.*

Opinion Filed March 18, 1922.

Where a husband and father abandons his homestead rights by removing his family from the homestead after its sale under execution, and by acquiescing for many years in the title acquired from a purchaser at the execution sale by the wife of the original homesteader, who is the mother of his children, some of the children of the marriage cannot have partition against others of the children who are the devisees of the wife, even though the father moved his family back on the place and it was their home at the death of the father, since the title being in the wife and mother. her devisees have the title.

An Appeal from the Circuit Court for Alachua County; B. A. Thrasher, Judge.

Reversed.

*Hampton & Hampton,* for Appellants;

*D. M. Buie,* for Appellees.

PER CURIAM.—In partition proceedings it appears that in 1862, S. J. Kennard acquired title to certain real estate and occupied it with his family as their home; that in 1859 and 1867 judgments were obtained against S. J. Kennard. In March, 1869, after the homestead provision of the constitution of 1868 became effective, the property was sold under the executions to J. J. Kennard; that in the fall of 1869 S. J. Kennard moved his family from the place and

did not thereafter claim it as his property; that in 1872 J. J. Kennard, the purchaser at the execution sale conveyed the property to Mrs. S. J. Kennard; that thereafter the property was assessed to Mrs. S. J. Kennard and the taxes thereon were paid in her name; that for many years, and until his death in 1908, S. J. Kennard recognized the title of his wife to the property under the conveyance to her by J. J. Kennard; that about 1887, fifteen years after Mrs. S. J. Kennard's title was acquired and acquiesced in by her husband, he moved his family back on the property; that after the death of S. J. Kennard, his widow in 1916 conveyed the place to three of her children; that after the death of the widow other children of the marriage sought partition on the theory that the title remained in the father.

Though the sheriff's deed executed March 1, 1869, was not supported by appropriate evidence of a judgment and execution it had been executed and recorded more than fifty years and possession under it was shown. While the sheriff's sale occurred after the homestead law became effective, S. J. Kennard soon thereafter moved his family from the place. And though J. J. Kennard was not in actual possession of the property when he conveyed it to Mrs. S. J. Kennard in 1872, it does not appear that S. J. Kennard and his family were not then living on the place as their home or claiming it as their homestead and it was not shown to have been occupied adversely to J. J. Kennard. It also appears that after the conveyance to Mrs. S. J. Kennard the property was assessed to her and taxes thereon were paid in her name, and there is positive evidence that S. J. Kennard continuously recognized his wife's title to the land by virtue of the conveyance to her by J. J. Kennard, the purchaser at the execution sale in 1869. Some fifteen years after the conveyance to Mrs. S. J. Ken-

nard, the family moved back on the place, but this did not destroy Mrs. Kennard's title which was continuously recognized by her husband from the time of the conveyance to her in 1872 to his death in 1908. Under the circumstances shown, the title of S. J. Kennard was extinguished by the execution sale and his removal of his family from the place as their home and by recognizing and acquiescing in the title acquired by his wife through the execution sale by virtue of a conveyance to her under the execution sale when the place was not occupied or claimed as the family home, there being no fraud or collusion to affect any inchoate homestead rights of his heirs, under the constitution of 1868, that may have existed when he moved his family from the place soon after the execution sale of it in 1869. When S. J. Kennard moved his family back on the place about 1887, the title was in Mrs. S. J. Kennard and he was not then the "owner" of the place on which he resided with his family within the requirements of the homestead provisions of the constitution.

As the title to the property was not in S. J. Kennard at his death, his heirs were not entitled to partition among themselves. The widow who was the owner of the property, had in her lifetime conveyed it to certain of her children.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.