ALBERT NELSON, OSCAR NELSON AND ESTELLE MACDONALD, JOINED BY HER HUSBAND, H. D. MACDONALD, *Appellants*, v. P. C. HAINLIN AND CLARA HAINLIN, HIS WIFE, *Appellees*.

En Banc.

Opinion Filed April 7, 1925.

Petition for Rehearing denied May 19, 1925.

1. Whether there has been an abandonment of a homestead so as to deprive it of its exemption character under the Constitution, should be determined by a consideration of all the pertinent facts and circumstances of each case as it arises, having in view the intent and purposes of the organic provisions that the homestead "shall be exempt from forced sale," and that "the exemptions" "shall inure to the widow and heirs."

2. Where the facts are not controverted, it may be determined as matter of law whether there has been an abandonment of the homestead so as to make it subject to the owner's debts or to his devise.

3. Where a homestead has been acquired, it can be waived only by abandonment or by alienation in the manner provided by law.

4. Where a homestead has been established and occupied as the family home, and subsequently the children of the homestead owner become of age and acquire homes of their own, and the mother goes to a distant State and remains a year or more caring for an invalid daughter-in-law, leaving the husband remaining in charge of the homestead owned by him renting it or rooms therein as a means of living, and the wife returns to and remains on the homestead taking boarders or renting rooms to support herself and her enfeebled husband, the owner of the homestead, who because his wife is unable to properly care for him and make a living for both, lives in a neighboring town with a suitable person who cares for him as a boarder, until a short time before his death from old age, –when he lived with his daughter till his death, in the town where the homestead was, he when able and so disposed occasionally visiting the wife at the homestead, the wife continuing to support the aged husband and herself by living in the homestead and renting rooms therein, the homestead was not abandoned as such, but it retained in its character as his homestead or the family home owned by him at his death, there having been no intention to abandon the homestead as the family home and no other homestead having been acquired.

An Appeal from the Circuit Court for Dade County; H. F. Atkinson, Judge.

Reversed.

*Twyman, Scott & McCarthy,* for Appellants;

No appearance for Appellees.

WHITFIELD, J.—In proceedings brought to have the executors enjoined from taking possession of their decedent's homestead under his will conveying all of his property, the

court dismissed the bill of complaint, and the complainants appealed.

The question presented is whether the homestead had been abandoned as such prior to the death of its owner.

Whether there has been an abandonment of a homestead so as to deprive it of its exemption character under the Constitution, should be determined by a consideration of all the pertinent facts and circumstances of each case as it arises, having in view the intent and purposes of the organic provisions that the homestead "shall be exempt from forced sale," and that "the exemptions" "shall inure to the widow and heirs."

Where the facts are not controverted, it may be determined as matter of law whether there has been an abandonment of the homestead so as to make it subject to the owner's debts or to his devise.

Peter Nelson died leaving a widow and several grown children. He owned a homestead on which he and his family lived. His children married and ceased to reside at the homestead. The wife with the consent of her husband spent a year or more in another State to care for a sick daughter-in-law and her children, the husband remaining on the homestead for a while renting rooms in the house, but later rented the house and being old and feeble lived in an adjoining county with a suitable person who provided for and took care of him. The wife returned to the homestead with the grand children she was caring for (their mother having died) and continued to live on the homestead, renting rooms therein and sending $60.00 or $70.00 a month to the husband for his support, the wife being unable to care for the aged and feeble husband and also to attend to the renting of rooms for a living for both the husband and the wife. After the return of the wife to the homestead the husband lived there with his wife for a while and after he went to a neighboring county to be cared

for, he went to the home one or more times remaining a short while, but returning to the place where he was boarding so he could be properly cared for. Later the person who cared for the aged husband, declined to do so further and the old gentleman was taken to his daughter's home where he remained till he died, being over ninety years of age. The wife was living on the homestead when the husband died.

These facts and circumstances do not show such an abandonment of the homestead as will withdraw it from the operation of the provisions of the Constitution that it "shall be exempt from forced sale" and that it shall not be subject to devise where there are children of the homestead owner.

The husband spent the latter years of his life away from the homestead because by so doing, he could be more properly cared for, while the wife, though absent for a time, returned to and remained on the homestead and made a living thereon for both herself and her husband, the owner of the homestead, the wife being physically unable to take care of the aged and feeble husband and also to make a living for both of them.

The homestead was the means of support for both the husband and the wife and the living apart was for mutual welfare, one remaining on the homestead and supporting the other from earnings made on and by the use of the homestead property, which was maintained as a home on which the wife lived and to which the husband went as he was disposed and able to do in his enfeebled condition during the last few years of his life, there being amicable relations between the husband and wife at all times.

No other homestead was acquired and the right to the place had and used as a homestead was not yielded, surrendered, renounced or abandoned so as to deprive it of its

character as the owner's homestead. See Read v. Leitner, 80 Fla. 574, 86 South. Rep. 425.

The facts of this case are essentially different from those in Murphy v. Farquhar, 39 Fla. 350, 22 South. Rep. 681; McGregor v. Kellum, 50 Fla. 581, 39 South. Rep. 697; Matthews v. Jeacle, 61 Fla. 686, 55 South. Rep. 865; Lang v. Kennard, 83 Fla. 395, 91 South. Rep. 372.

" 'Where a homestead has been acquired, it can be waived only by abandonment or by alienation in the manner provided by law.' " Clark v. Cox, 80 Fla. 63, 85 South. Rep. 173.

Reversed.

WEST, C. J., AND ELLIS, BROWNE AND TERRELL, J. J. concur.