CORA STOKES, as Guardian of G. L. STOKES, Insane, *Appellant*, v. WALTER J. WHIDDEN, *Appellee*.

Division B.

Opinion filed May 31, 1929.

Petition for rehearing denied July 2, 1929.

*Lennard O. Boynton,* for Appellant;

*Lee J. Clyatt* for Appellee.

WHITFIELD, P. J.—In proceedings brought by the guardian of an insane person to enforce the payment of a purchase money mortgage, it appears that the insane person acquired and with his family lived on the *locus in quo* as his homestead. Subsequently he was adjudged insane and committed to the State Hospital for the insane. His wife was appointed his guardian and as such guardian undertook to sell and convey the homestead property, taking a purchase money mortgage which she sought to foreclose. By answer averring failure to consideration the homestead character of the property is shown and the ineffectiveness of the sale and conveyance is averred. The court as on cross bill decreed that the deed of conveyance and the purchase money notes and mortgage be canceled and surrendered and that the guardian repay with interest the part of the purchase money received by her. The guardian appealed and claims that she has properly and legally conveyed title to the homestead.

The homestead having been acquired by the husband and occupied as a home by him and his family, the mere facts that the husband was afterward adjudged to be insane and was committed to and remains in a State institution and the wife was appointed as his guardian, did not authorize the guardian to convey the title to the home-

stead real estate which under, the Constitution "shall not be alienable without the joint consent of husband and wife, when that relation exists," and which alienation must be "by deed or mortgage duly executed by * * * husband and wife, if such relation exists." Secs. 1, 4, Art. X, Constitution.

Whether under such circumstances a court of equity may in appropriate proceedings authorize a guardian or other person to act for the insane husband and join with the wife in making a conveyance that would pass the title to the homestead, need not be considered here as no such case is presented by the record.

Affirmed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.