In this cause, the appellee filed his bill of complaint in the Circuit Court of Columbia County to quiet the title to certain property he had acquired from one H. F. Darby and wife, the appellant having obtained a judgment against the said Darby and recorded the same in the county where the property is located, some time after the said Darby had established a homestead thereon, but before the execution of the deed.
The only question in the case is: Where land embracing less than one-half of one acre located in a city or town of this State, is owned by the head of a family, who with his family resides upon such land until it is conveyed by himself and wife, does a lien attach thereto by reason of a judgment entered of record prior to such conveyance in the county where the land lies?
It is the contention of the appellant that because Section 6 of Article X of the Constitution says that:
 "The Legislature shall enact such laws as may be necessary to enforce the provisions of this article,"
the duty devolved upon the Legislature to enact laws prescribing the method by which the head of a family could, if he so desired, avail himself of the exemption provided in the Constitution; that the Legislature in the discharge of this duty enacted Section 5782 (3875) Comp. Gen. Laws of Florida, 1927, which reads as follows:
 "Whenever any person, being the head of a family, residing in this State, shall desire to avail himself or herself of the benefit of the provisions of the Constitution *Page 1122 
and laws exempting property as a homestead from forced sale under any process of law, he or she may make statement, in writing, containing a description of the real property claimed to be exempt, and declaring that the same is the homestead of the party in whose behalf such claim shall be made. Such statement shall be signed by the person making the same and recorded in the office of the county judge;"
and that since the grantor did not declare the said property to be his homestead as provided by the statute, it passed to his grantee subject to the judgment of the appellant.
Section 1 of Article X of the Constitution provides as follows:
 "A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, * * * shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. * * * And no judgment or decree or execution shall be a lien upon exempted property except as provided in this article."
There is no contention here that the judgment comes within the exceptions stated in said article.
Under the provisions of the said Section 1 of Article X, when the appellees' grantor acquired title to the land in question and with his family made his home thereon, it was impressed with the character of a homestead and no action of the legislature or declaration or other act on his part was required to make it his homestead, for it was already such in fact. See Raulerson v. Peeples, 77 Fla. 207, *Page 1123 
81 So. R. 271; Baker v. State, 17 Fla. 406; Solary v. Hewlett, 18 Fla. 756; Lanier v. Lanier, 95 Fla. 523, 116 So. R. 867.
In Baker v. State, supra, this Court stated in effect that it could not assent to a construction of the language of the homestead provision of the Constitution that would require the head of a family residing on land to take steps to protect his homestead from execution or other process for an indebtedness when he was not threatened with such process.
The judgment of the appellant was not a lien on the property in question, so long as Darby owned it. So far as it related to the homestead, the judgment was as though it never had existed. The Constitution permitted the judgment debtor to alienate his homestead by deed executed by himself and wife, and if the judgment was not a lien upon the homestead so long as the title to it was in Darby, it could not become a lien upon the land after the title thereto had passed to and was vested in the appellee. If we were to hold that such a lien would attach after the conveyance of the homestead, it would in many cases defeat the very purpose of the framers of the Constitution in their desire to protect the family and at the same time enable the owner of the homestead and his wife by proper conveyance to alienate the property as pressing necessity might demand.
This case is somewhat similar to the case of Hart v. Gulf Fertilizer Co., 91 Fla. 991, 108 So. R. 886, where a creditor attached the homestead, which subsequent to the levy of attachment and prior to entry of judgment in the attachment proceeding was conveyed by deed duly executed by the owner and his wife. In a suit instituted by the grantor to restrain a sale of the property under and by virtue of an execution that issued upon the judgment acquired in the attachment suit, this Court in reversing a decree of the *Page 1124 
lower court held that a sale under the execution should have been permanently enjoined. In that case, the judgment would have become a lien upon the property, if that had been possible, from the time of the recording by the clerk of the circuit court in the lien book of a notice of the levy of the attachment and the description of the property. Section 5269 (3416), Comp. Gen. Laws of Florida, 1927; Stockton v. Nat. Bank of Jacksonville, 45 Fla. 590, 34 So. R. 897; Waples on Attachment (2nd Ed.) 10.
In the Hart case, the effect of the decision was that though judgments relate back to the time when the property is levied upon and a notice of levy and description of the property is recorded as the law requires, the judgment in that case never became a lien upon the homestead of the judgment debtor, though attached and afterwards conveyed by the judgment debtor and his wife.
We hold that the judgment in the instant case never became a lien upon the property in question though conveyed by the judgment debtor and his wife after the judgment was obtained. The real estate was the homestead of the said Darby and he and his wife had the right to convey it and vest title thereto in the appellee unencumbered by a judgment lien.
There was no error in the order overruling defendant's demurrer to the bill of complaint. The said order is affirmed and the cause is remanded for further proceedings.