JOSEPH RIGBY, *Appellant,* vs. VIOLET MIDDLEBROOKS, single, R. E. CAREFOOT, INC., a corporation, and HANNAH JANE CAREFOOT, widow, *Appellees.*

135 So. 563.

Division A.

Opinion filed June 24, 1931.

Petition for rehearing denied August 7, 1931.

*VanFleet, Collins & Miller,* for Appellant;

*W. F. Way,* for Appellees.

BUFORD, C.J.—In this case the appellant was complainant in the court below and having obtained a money decree against Violet Middlebrooks, filed a bill to cancel, set aside and have declared null and void a deed of conveyance from Violet Middlebrooks, a single woman, to R. E. Carefoot, Inc., alleging that conveyance was made in fraud of the complainant as a creditor after the indebtedness from Miss Middlebrooks to complainant had come into existence; that the conveyance was without consideration; was intended to hinder and delay the creditor and was, therefore, void.

The defendants answered and the answer alleged in effect, and sufficiently, that the defendant Violet Middlebrooks was at the time of the conveyance complained of the head of a family residing on the property involved which was of less than 1/4 of an acre in area within the territorial limits of an incorporated city; that there was a residence on the lot and that same was her homestead whereon she resided; that she was then and is the head of a family and charged with the support and maintenance of an aged mother, Hannah Jane Carefoot, who resided with her on such property. The answer further alleged:

"That the said Hannah Jane Carefoot, mother of this defendant aforesaid, was, and still is, without means of support, and that she is entirely dependent upon this defendent Violet Middlebrooks, for her care and support; that the said Hannah Jane Carefoot is not possessed of any real or personal property or any income save such as is given to her by defendant, Middlebrooks."

A demurrer to these allegations of the answer was overruled and afterwards replication was filed. After expiration of the time for taking testimony decree was entered on bill, answer and replication.

This was a bill brought by a creditor to cancel a conveyance alleged to have been in fraud of creditors. That part of the answer alleging that the property alleged to have been fraudulently conveyed was the homestead of the defendant who was the head of a family residing thereon is

responsive to the bill because as to exempt property there are no creditors within the meaning of statutes prohibiting the conveyance of property in fraud of creditors and as homesteads are exempt from execution, a creditor acquires no rights in regard thereto. See Fellowes vs. Lewis, 65 Ala. 343, 35 Am. Rep. 1; Cox vs. Birmingham Dry Goods Co., 105 Ala. 320; Hart et al. vs. Gulf Fertilizer Co., a corporation, et al., 91 Fla. 991, 108 Sou. 886.

The rule is that on final hearing of a cause in equity upon bill, answer and replication after the time for taking testimony has expired every allegation in the answer responsive to the bill is taken as true and where an answer is confined to such facts as are necessarily required by the bill and those inseparably connected with them, forming a part of one and the same transaction, the answer is responsive to the bill as well when it discharges as when it charges the defendant. Picture Plays Theater Co. etc. vs. Williams, 75 Fla. 556, 78 Sou. 674, and cases there cited.

In Johns et al. vs. Bowden, 68 Fla. 32, 66 Sou. 155, it is said:

"The allegations of the bill of complaint with reference to the ownership of the land and to the status to Uriah Bowden as the head of a family at and just before his death are rather abstract and general, being more in the nature of asserted conclusions than of definite statements of specific facts showing Uriah Bowden to have been at his death the owner of the property in controversy and his habitation thereof as 'the head of a family' so that the law would have impressed upon the property the exemptions and limitations that constitute the homestead rights and privileges. Yet it cannot be said on the general demurrer here interposed that under the allegations of the bill of complainant a case entitling the complainants to a partition of the property cannot lawfully be made by appropriate and sufficient evidence."

What is said there with reference to a bill of complaint wherein it is sought to impress the homestead character

on certain real estate is equally true of an answer seeking the same result.

Therefore, we find no reversible error in the decree appealed from and the same should be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.