ELIZABETH M. NYE AND GORDON NYE, her husband, *Appellants*, vs. BAY VIEW ESTATES CORPORATION, a Florida Corporation; TRASULEE COMPANY, a Florida Corporation; J. O. PHILLIPS, *Appellees*.

143 So. 597.

Division B.

Opinion filed September 19, 1932.

*Robert M. Thomson*, for Appellants;

*J. O. Phillips*, for Appellees.

DAVIS, J.—The appellant filed a creditor's bill to set aside certain alleged fraudulent conveyances claimed to have been made by the defendant, Bay View Estates Corporation, to Tresulee Company and J. O. Phillips. Answers were filed to the amended bill which put in issue some of the essential allegations which it was necessary for the complainant to establish in order to have a favorable decree. The time for taking testimony expired without any testimony having been taken or attempted to be taken to support the allegations of the complainant's amended bill. On a final hearing on bill and answer, the Chancellor decreed·

the equities to be with the defendants and dismissed the suit. The appeal here is from the final decree of dismissal on bill and answer.

At the time the cause was set down for final hearing on the amended bill of complainant and defendant's answers thereto, the state of the pleadings was such that the Court could not have made a decree for complainant in the absence of supporting testimony essential to overcome the denials by the answer of portions of the amended bill which the answers in contemplation of law denied. Under the circumstances the Chancellor's dismissal of the amended bill was proper. Rigby v. Middlebrooks, 102 Fla. 148, 135 South. Rep. 563; Oakland Properties Corp. v. Hogan, 96 Fla. 40, 117 Sou. Rep. 845.

No other reversible errors have been made to appear, so the decree appealed from is affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.