218 So.2d 517 (1969)
Julia B. BEENSEN, John Crisafulli and Lucille Crisafulli, His Wife, Charles D. Crisafulli and Ann Crisafulli, His Wife, Ruby B. McMahon and Joalco, Inc., Appellants,
v.
Joseph Roland BURGESS, Jr., and Kathleen Burgess, His Wife, Appellees.
No. 1341.
District Court of Appeal of Florida. Fourth District.
February 12, 1969.
*518 George T. Kelly, III, Cocoa Beach, for appellants.
L.C. Crofton and Charles M. Harris, of Crofton, Holland, Starling & Goshorn, Titusville, for appellees.
OWEN, Judge.
Plaintiffs brought suit to quiet title to certain real property which they had purchased from one Walter Dunn in October, 1964. The defendants were holders of various judgments against Mr. Dunn, all of which were recorded several years prior to the time plaintiffs puchased the property. The issue was whether such property was entitled to the constitutional homestead exemption against forced sale, Florida Const., Art. X, § 1, F.S.A. The trial court determined this in the affirmative and entered its decree quieting plaintiff's title against the apparent clouds on the title created by virtue of defendants' judgment liens. We affirm.
Although Walter Dunn was divorced, he and his minor daughter, Barbara, resided on the property as their home. Barbara married in the spring of 1964, but since her husband was on active duty with the United States Navy, she continued to reside with her father, and Mr. Dunn continued to bear all household expenses and to exercise parental control over Barbara. In August, 1964, plaintiffs and Mr. Dunn entered into a sales agreement on the property, plaintiffs paying Mr. Dunn a cash deposit at that time. Although the sale was not closed until October, Mr. Dunn and *519 his daughter vacated the property in September so that the plaintiffs could take possession and put their children in school at the beginning of the school term. Mr. Dunn and Barbara then moved in with another married daughter and her husband pending closing of the sale to plaintiffs. Defendants contend that the property had lost its entitlement to homestead exemption for several reasons, any one of which would allow the lien of their judgments to attach to the property.
Appellants' first point is that the homestead status of the property was lost upon Barbara's marriage, since Mr. Dunn no longer would be the head of a family. Without discussing whether such marriage eliminated Mr. Dunn's duty to support Barbara, there clearly remained a continuing communal living by at least two individuals under such circumstances that one is regarded as the person in charge. This is one of the two basic recognized tests to determine the existence of the family relationship. Beck v. Wylie, Fla. 1952, 60 So.2d 190; Brown v. Hutch, Fla.App. 1963, 156 So.2d 683.
Appellants next contend that Dunn abandoned the property as his homestead when he surrendered possession to the plaintiffs approximately five weeks prior to the closing of the sale. The question of whether there has been an abandonment of a homestead so as to deprive it of its status as such under the constitution should be determined by consideration of all of the pertinent facts and circumstances of each case. Nelson v. Hainlin, 1925, 89 Fla. 356, 104 So. 589; Lanier v. Lanier, 1928, 95 Fla. 522, 116 So. 867; City of Jacksonville v. Bailey, 1947, 159 Fla. 11, 30 So.2d 529. There is in the record substantial, competent evidence supporting the trial court's factual finding that under the facts and circumstances of the case Dunn had not abandoned the property as his homestead, but had surrendered possession to the plaintiffs as part of the overall sales transaction.
Appellants' final point is that even though Dunn may have been the head of a family until he vacated the property, and even though there may not have been an abandonment as such, he ceased to be the head of a family when he and Barbara moved into the home of Dunn's married daughter whose husband was the head of the family of that particular home. Such argument might have merit if that had become Dunn's permanent abode at the time he moved in, but the trial court made a factual finding that the property in question remained Dunn's home [and homestead] until the sale to plaintiffs was closed. Under the facts and circumstances of this case, he remained the head of his family unit consisting of himself and daughter, Barbara, irrespective of his temporarily residing in a house which had another family head.
The remaining points raised by appellants have been considered but do not merit discussion.
Affirmed.
CROSS and REED, JJ., concur.