Elsie E. BROWN and Fern L. Graber, Plaintiffs,

v.

Russell L. LEWIS and Frances M. Brown, Defendants.

No. 80–115–Civ–Oc.

United States District Court, M. D. Florida, Ocala Division.

Aug. 27, 1981.

John Karvonen, St. Petersburg, Fla., for plaintiffs.

Dock Blanchard, Ocala, Fla., for defendant Lewis.

Andrew G. Pattillo, Ocala, Fla., for defendant Brown.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

Before the Court are motions for summary judgment filed by defendant Russell L. Lewis and plaintiffs Elsie E. Brown and Fern L. Graber. Plaintiffs brought this diversity action to foreclose a judgment lien on real estate in Citrus County, Florida, formerly owned by defendant Frances M. Brown and since May 15, 1979 owned by defendant Lewis. Defendants contend that the property in question was protected by the Florida homestead exemption, pursuant to Article X, Section 4 of the Florida Constitution and Florida Statutes 222.19, when it was sold on May 15, 1979 and that, therefore, the judgment lien never attached to the property.

On August 15, 1974 the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida entered a Final Summary Judgment in favor of plaintiffs Elsie E. Brown and Fern L. Graber and against defendant Frances M. Brown and her husband Lester D. Brown, jointly and severally, in the amount of $21,187.37. Plaintiffs subsequently recorded the Final Summary Judgment as a judgment lien on real property owned by defendant Brown and her husband Lester D. Brown as tenants by the entirety and located in Citrus County, Florida.

When the judgment lien was recorded, defendant Brown and her husband were residing on the property in question. In May or June of 1978 defendant Brown and her husband went to Michigan, where they had previously resided, to obtain medical care for her husband who was seriously ill. They left their furniture in their home in Citrus County, intending to maintain their permanent residence in Florida. Defendant Brown's husband died on June 30, 1978 and, as the surviving spouse, title to the property located in Citrus County vested in defendant Brown by operation of law. During the summer and fall of 1978, defendant Brown stayed in Michigan with her son, intending to return to Florida in the winter. In February 1979, defendant returned to her home in Florida. Approximately two weeks after arriving in Florida, defendant Brown determined that she could not live alone in Florida and on March 7, 1979 executed a contract for the sale of the Citrus County property to defendant Lewis. Shortly thereafter defendant Brown moved to Michigan and established her permanent residence there. On May 15, 1979, the sale of the Citrus County property was closed and title was conveyed to defendant Lewis. In connection with the sale, defendant Lewis executed a purchase money mortgage and promissory note in the amount of $40,000 payable to defendant Brown.

Defendants do not contest the validity of plaintiffs' judgment lien but contend that the property was protected from the lien by the homestead exemption at the time of its sale to defendant Lewis on May 15, 1979. Plaintiffs have acknowledged the applicability of the homestead exemption prior to the execution of the contract for the sale of the property on March 7, 1979, but argue that prior to the closing of the sale and conveyance of the deed on May 15, 1979, the property lost its homestead status when defendant Brown vacated the property and established her permanent residence in Michigan. Plaintiffs argue that, therefore, the judgment lien attached to the property prior to the closing of the sale and conveyance of the deed.

A motion for summary judgment may be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of

law." Fed.R.Civ.P. 56(c). All reasonable doubts should be resolved in favor of the party opposing the motion. *Aulds v. Foster*, 484 F.2d 945, 946 (5th Cir.1973); *Pennsylvania v. Curtiss Nat'l Bank*, 427 F.2d 395, 401 (5th Cir.1970). The facts in the instant case are undisputed and the parties have acknowledged that the sole issue presented is whether the property in question lost its homestead status when defendant Brown vacated the property and moved to Michigan in March after the execution of the contract but prior to the closing of the sale and conveyance of the deed. Therefore, summary judgment is appropriate in this case.

■ The Florida homestead exemption should be liberally construed in favor of the homestead claimant. *Graham v. Azar*, 204 So.2d 193 (Fla.1967); *Deem v. Shinn*, 297 So.2d 611 (4th D.C.A. Fla.1974). However, the homestead exemption cannot be applied when it would operate as a fraud on creditors. *Hillsborough Inv. Co. v. Wilcox*, 152 Fla. 889, 13 So.2d 448 (1943); *Read v. Leitner*, 84 Fla. 574, 86 So. 425 (1920).

■ When homestead property is sold, the title acquired by the grantee is immune from the claims of the grantor's creditors. *Bessemer Properties, Inc. v. Gamble*, 158 Fla. 38, 27 So.2d 832 (1946); *Hutchinson Shoe Co. v. Turner*, 100 Fla. 1120, 130 So. 623 (1930). This rule effectuates the purpose of the homestead exemption by protecting the family and enabling the owner of the homestead to sell the property if necessary to meet financial needs. *Hutchinson Shoe Co. v. Turner, supra.* A transfer of homestead property does not operate as a fraud on creditors since the homestead property is exempt from the claims of creditors. *Bessemer Properties, Inc. v. Gamble, supra; Rigby v. Middlebrooks*, 102 Fla. 148, 135 So. 563 (1931). Therefore, it is clear that if the property in the instant case was protected by the homestead exemption as of May 15, 1979 when the title was transferred, then the title acquired by defendant Lewis was immune from plaintiffs' judgment lien.

■ The status of property as a homestead is terminated when the owner abandons the property. *Hillsborough Inv. Co. v. Wilcox, supra.* A determination of whether there has been an abandonment of property so as to terminate its homestead status must be based on the facts and circumstances of each case. *Jacksonville v. Bailey*, 159 Fla. 11, 30 So.2d 529 (1947); *Beensen v. Burgess*, 218 So.2d 517 (4th D.C.A. Fla. 1969). Abandonment of the homestead rights cannot be found unless the claimant has relinquished possession of the property and formed the intention to discontinue using the property as a homestead. *O'Neal v. Miller*, 143 Fla. 171, 196 So. 478 (1940); *Marsh v. Hartley*, 109 So.2d 34 (2d D.C.A. Fla.1959). The issue of abandonment of a homestead may be determined as a matter of law where the facts are undisputed. *Nelson v. Hainlin*, 89 Fla. 356, 104 So. 589 (1925).

The issue presented in the instant case is whether defendant Brown abandoned the property so as to terminate its homestead status when she vacated the property in March shortly after the execution of the contract for the sale of the property on March 7, 1979, but prior to the conveyance of the title on May 15, 1979. The Florida District Court of Appeal for the Fourth District confronted this issue in *Beensen v. Burgess*, 218 So.2d 517 (4th D.C.A. Fla. 1969). In *Beensen*, the owner of homestead property entered into a contract for the sale of the property in August 1964. Prior to the closing of the sale on October 1969, the owner vacated the property so that the purchasers could take possession in September. The court held that the owner had not abandoned the property as his homestead prior to the closing of the sale but rather that he had "surrendered possession to the [purchasers] as part of the overall sales transaction." *Id.* at 519. The *Beensen* court, therefore, concluded that the owner had not terminated the homestead status of the property by vacating the property prior to the closing of the sale.

■ In the instant case, as in *Beensen*, the owner of the homestead property vacat-

ed the premises after the execution of the contract for the sale of the property but prior to the closing of the sale. At all times prior to March 1979 when defendant Brown vacated the property, she had the intention of maintaining the property as her permanent residence. Defendant Brown vacated the property only two months prior to the closing of the sale. When defendant Brown vacated the property she was under a contractual obligation to transfer title and possession of the property upon defendant Lewis' tendering of the purchase price at the time fixed for the closing of the sale. Considering all of the facts and circumstances, it appears that defendant Brown did not abandon the property in March 1979 so as to terminate its homestead status, but rather that she merely surrendered possession of the property pursuant to the overall sales transaction. Therefore, the property was protected by the homestead exemption when title was conveyed to defendant Lewis on May 15, 1979 and plaintiffs' judgment lien never attached to the property. Consequently, the title acquired by defendant Lewis to the property is immune from plaintiffs' judgment lien.

Accordingly, because no material factual issue exists, the Court will grant defendant Lewis' motion for summary judgment and deny plaintiffs' motion for summary judgment. As a result of the Court's determination that the judgment lien never attached to the property and cannot be foreclosed, the cause against defendant Brown must also be dismissed since the relief sought cannot be granted.

It is, therefore,

ORDERED:

1. That defendant Russell L. Lewis' motion for summary judgment is hereby granted.

2. That plaintiffs' cause against defendant Russell L. Lewis is hereby dismissed with prejudice.

3. That plaintiffs' cause against defendant Frances M. Brown is hereby dismissed with prejudice.

4. That plaintiffs' motion for summary judgment is hereby denied.

5. That all other pending motions are hereby denied as moot.

6. That costs are hereby taxed against plaintiffs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.