KLEIN, Judge.
The St. Lucie County property appraiser denied a homestead exemption in 1994 for the reason that the owner, an elderly woman, had not lived in her home since 1992, when she was placed in a nursing home in a vegetative state. We conclude that she was still entitled to the exemption.
Vivian Crain suffered extensive brain damage as a result of an illness in 1992, and after being hospitalized for a short time, was placed in a nursing home where she remained until her death in 1995. In 1994 her son, the appellant, applied for a total exemption from taxation on the property pursuant to section 196.101, Florida Statutes (1993) entitled “Exemption for totally and permanently disabled persons,” which provides, among other things:
(1) Any real estate used and owned as a homestead by any quadriplegic is exempt from taxation.
(2) Any real estate used and owned as a homestead by a paraplegic, hemiplegic, or other totally and permanently disabled person, as defined in s. 196.012(11), who must use a wheelchair for mobility or who is legally blind, is exempt from taxation.
Although the exemption had not been contested in 1993, the property appraiser denied the exemption in 1994 because Mrs. Crain did not reside on the property, which precipitated this declaratory action. The trial court agreed with the property appraiser, and Mrs. Crain’s son, who succeeded to her interests, has appealed.
The issue is whether the property was being “used” within the meaning of section *1326 196.101(1) or (2). That word is defined in section 196.012(4) as follows: “Use” means the exercise of any right or power over real or personal property incident to the ownership of the property.
Section 196.012(13) provides in part: “‘Real estate used and owned as a homestead’ means real property to the extent provided in s. 6(a), Art. VII_”
Article VII, section 6(a) of the Florida Constitution, entitled “Homestead Exemptions,” provides in part: “Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner shall, ... be exempt from taxation thereon....”
The relevant facts are undisputed. At the time Mrs. Crain was involuntarily taken from her homestead to the hospital, and at all times thereafter, her physical and mental condition were such that she would not have been able to communicate any intention regarding her residence. She remained in a vegetative state. Her furniture, clothing and most of her other possessions remained in the home, and she continued to receive mail there. The trial court concluded as a matter of law, that if Mrs. Crain “was not actually residing on the property, for whatever reason, no exemption is available.”
Our research does not reveal any cases involving similar facts with regard to the Article VII homestead exemption for taxation; however, there are several eases with similar facts involving the homestead exemption in Article X, section 4, Florida Constitution, which exempts homesteads from forced sale and limits their devise.
In In re Estate of Melisi, 440 So.2d 584 (Fla. 4th DCA 1983), the home had been owned by a married couple, who had a child, but the marriage had been dissolved and the wife was awarded child custody and exclusive possession of the jointly owned home. When the former husband died, the question arose as to the homestead character of the property under Article X. of the Florida Constitution. We held that the fact that the owner had been precluded by dissolution of marriage from residing on his homestead did not destroy the homestead nature of the residence. We also said: “The homestead character of the property is not abandoned when the owner involuntarily changes his residence, as in a case where an infirmity requires residence in a nursing home or hospital facility.” Id. at 585.
Similarly, in Nelson v. Hainlin, 89 Fla. 356, 104 So. 589 (Fla.1925), our supreme court held that the fact that the husband had spent the “latter years” of his life away from the homestead, so that he could be cared for in a neighbor’s home and his daughter’s home, did not destroy the homestead nature of the property for purposes of devise. See also Stokes v. Whidden, 97 Fla. 1057, 122 So. 566 (Fla.1929) (property was still homestead after husband had become insane and had remained in a state institution).
We recognize that the homestead provisions found in Article VII and Article X of our constitution are separate and distinct, and principles relating to one do not necessarily govern the other. We see no reason in this case, however, why, if Mrs. Crain would not have lost her homestead exemption under Article X, she should have lost it under Article VII. Nor would allowing the exemption violate any of the provisions of Article VII or any of the provisions of Chapter 196 which implement Article VII.
It is apparent that, but for the fact that Mrs. Crain was not physically residing in her home, the trial court would have granted the exemption. Having concluded that her physical presence is not a requirement for the exemption under these facts, we reverse and remand for entry of judgment in favor of appellant.
GROSS, J., and GERSTEN, CAROL R., Associate Judge, concur.