Mr. B. Norris Rickey Pinellas County Senior Assistant Attorney 315 Court Street Clearwater, Florida 33756
Dear Mr. Rickey:
You ask substantially the following question:
Must homestead property be owned by a veteran at the time of his or her death from service-connected causes while on active duty in order for the veteran's surviving spouse to claim the exemption in section 196.081(4), Florida Statutes?
In sum:
Section 196.081(4), Florida Statutes, does not require that homestead property be owned by a veteran at the time of his or her death from service-connected causes while on active duty, but requires that the veteran be a permanent resident of Florida on January 1 of the year in which he or she died.
Section 196.081(1), Florida Statutes, states:
"Any real estate that is owned and used as a homestead by a veteran who was honorably discharged with a service-connected total and permanent disability and for whom a letter from the United States Government or United States Department of Veterans Affairs or its predecessor has been issued certifying that the veteran is totally and permanently disabled is exempt from taxation, if the veteran is a permanent resident of this state on January 1 of the tax year for which exemption is being claimed or was a permanent resident of this state on January 1 of the year the veteran died."
Section 196.081(3), Florida Statutes, allows the surviving spouse of a permanently and totally disabled veteran to continue to claim a total exemption from ad valorem taxation on homestead property owned at the time of the veteran's death.[1] Recent legislation has granted a total exemption for homestead property to the surviving spouse of a veteran whose death is the result of service-connected causes while on active duty.[2] You question the surviving spouse's ability to claim the exemption when the veteran did not own and use the homestead property at the time of his or her death, even though the veteran was a permanent resident of Florida on January 1 of the year of the veteran's death.
Section 196.081(4)(a), Florida Statutes, provides:
"Any real estate that is owned and used as a homestead by the surviving spouse of a veteran who died from service-connected causes while on active duty as a member of the United States Armed Forces and for whom a letter from the United States Government or United States Department of Veterans Affairs or its predecessor has been issued certifying that the veteran who died from service-connected causes while on active duty is exempt from taxation if the veteran was a permanent resident of this state on January 1 of the year in which the veteran died."
Unlike the tax exemption in section 196.081(1), Florida Statutes, that is granted to a totally and permanently disabled veteran and passes to the surviving spouse upon the veteran's death, the exemption in section 196.081(4), Florida Statutes, applies directly to the surviving spouse of a veteran.[3] The tax exemption under section 196.081(4)(a), Florida Statutes, continues as long as the surviving spouse holds legal or beneficial title to the homestead, permanently resides thereon, and does not remarry.[4]
In Attorney General Opinion 97-59, this office considered whether the surviving spouse of a permanently and totally disabled veteran could claim the total exemption where it had been obtained during the veteran's life, was carried over to his surviving widow, but was not claimed for one year when his widow left Florida. The surviving widow returned to Florida and reapplied for the exemption. The opinion contrasted section 196.081(3), Florida Statutes, which does not require that a surviving spouse's residency be continuous and unbroken in the original homestead, with section 196.091(3), Florida Statutes, requiring continuous residency by the surviving spouse of a wheelchair-bound veteran.[5] Of further note was the amendment to section 196.081, Florida Statutes, to eliminate a requirement that a surviving spouse hold title as a tenant by the entirety at the time of the veteran's death.[6] This office concluded that a surviving spouse would be entitled to the exemption despite the lapse of the exemption for one year and the widow's absence from the state, provided the property appraiser made the appropriate factual determinations.[7]
Attorney General Opinion 97-59 further addressed the ability of a surviving spouse to obtain the tax exemption when the veteran had not applied for the exemption during his lifetime. The opinion cites Rule 12D-7.004(4)(b), Florida Administrative Code, which specifically addresses when a veteran has not applied for the exemption during his lifetime, but is totally and permanently disabled with a service-connected disability at the time of death. The rule, implementing section 196.081, Florida Statutes, sets forth conditions that must be met in order for the surviving spouse to claim the exemption. The opinion concluded that if the veteran was entitled to apply for the exemption on January 1 of the year in which he died, then his surviving spouse would also be entitled to apply for the exemption.
Given the apparent liberalization of the requirements for surviving spouses to claim an exemption for homestead property and the plain language of section 196.081(4), Florida Statutes, it appears that the surviving spouse of a veteran killed while on active duty may claim a total exemption for homestead property, without regard to whether the veteran owned the homestead property at the time of his or her death.
The requirement that the surviving spouse maintain a residence on the property must be met.[8] In order to make a parcel of land his or her residence, a surviving spouse must "reside thereon with a present intention of living there indefinitely and with no present intention of moving therefrom."[9] Mere physical presence on the property, however, is not determinative in resolving entitlement to a homestead exemption. As this office noted in Attorney General Opinion 97-19, Florida courts have concluded that actual physical presence on the property is not a constitutional or statutory requirement for entitlement to the exemption.[10]
It is my opinion, therefore, that section 196.081(4), Florida Statutes, does not require that homestead property be owned by a veteran at the time of his or her death from service-connected causes while on active duty, but requires that the veteran be a permanent resident of Florida on January 1 of the year in which he or she died.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 196.081(3), Fla. Stat., requires the surviving spouse to hold legal or beneficial title to the homestead and to permanently reside thereon as specified in s. 196.031, Fla. Stat. The exemption may be claimed by the veteran's spouse until he or she remarries or otherwise disposes of the property, with the exemption transferable to the surviving spouse's new primary residence if the property is sold.
[2] Section 196.081(4), Fla. Stat.
[3] See, Final Bill Research Economic Impact Statement, HB 157, House of Representatives Committee on Community Affairs, July 21, 1997, stating that "[t]he exemption applies to real estate owned and used as a homestead by the surviving spouse of a veteranwho died from service-connected causes while on active duty as amember of the United States Armed Forces." (emphasis in original)
[4] Section 196.081(4)(c), Fla. Stat.
[5] Section 196.091(3), Fla. Stat., states:
"In the event the homestead of the wheelchair veteran was or is held with the veteran's spouse as an estate by the entirety, and in the event the veteran did or shall predecease his or her spouse, the exemption from taxation shall carry over to the benefit of the veteran's spouse, provided the spouse continues to reside on such real estate and uses it as his or her domicile or until such time as he or she remarries or sells or otherwise disposes of the property." (e.s.)
[6] See, Chapter 93-400, Laws of Florida.
[7] See, Rule 12D-7.004(4)(b), F.A.C., providing:
"This paragraph shall apply where the deceased veteran was totally and permanently disabled with a service-connected disability at the time of death but did not possess the exemption upon death. The surviving spouse is entitled to the exemption if the following conditions are met:
1. The veteran predeceases the spouse;
2. The spouse continues to reside on the property and use it as his or her primary domicile;
3. The spouse does not remarry;
4. The spouse holds legal or beneficial title; and
5. The spouse produces the required letter of disability."
[8] Section 196.081(4)(c), Fla. Stat.
[9] Rule 12D-7.007, F.A.C.
[10] See, Crain v. Putnam, 687 So.2d 1325 (Fla. 4th DCA 1997).