740 So.2d 594 (1999)
SUNTRUST BANK/MIAMI, N.A. and First Union National Bank of Florida, Appellants,
v.
Athanasius A. PAPADOPOLOUS a/k/a Arthur A Pappas a/k/a Art Papadopolous a/k/a Art Pappas and Deborah P. Papadopolous, Appellees.
No. 99-118.
District Court of Appeal of Florida, Third District.
September 1, 1999.
Friedman & Greenberg, P.A., and Robert Friedman, Plantation, for appellants.
Donna S. Glick, Deerfield, for appellees.
Before COPE, LEVY and GREEN, JJ.
*595 COPE, J.
Suntrust Bank, N.A., and First Union National Bank of Florida (collectively "the banks") appeal the trial court's declaration that their judgment liens do not attach to the proceeds of the sale of the judgment debtor's homestead property. We affirm.
In 1986 appellee Athanasius A. Papadopolous acquired a homestead and encumbered it with a purchase money mortgage. In 1989 and 1990 the banks obtained judgments against Athanasius in litigation unrelated to the mortgage. In 1992, Athanasius married appellee Deborah Papadopolous and both took title to the property by the entireties. In 1996 Athanasius and Deborah jointly obtained a second mortgage on the home and used the proceeds to pay an Internal Revenue Service lien and other personal debts, not including the banks' judgments.
The homeowners wish to sell the homestead and, after satisfying the first and second mortgages, use the net proceeds to acquire a new homestead. They filed this declaratory judgment action seeking a determination that the property was homestead and that the judgment liens do not attach to the property or sale proceeds. The trial court ruled in favor of the homeowners, with the proviso that the net sale proceeds would have to be held in a segregated account until reinvested in a new homestead. See Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201, 206 (Fla.1962).
The banks argue that the judgment liens should attach to the proceeds of sale to the extent that they are intended to be used to repay the second mortgage. The banks contend that the purposes of the homestead protection would not be served by allowing a homeowner to encumber the property for non-homestead reasons and that to allow repayment of those encumbrances before prior-recorded liens would allow debtors to circumvent the judgment collection process. They theorize that because the second mortgage loan was not used to acquire or improve the homestead property, any sale proceeds intended for repayment of that loan should not enjoy the homestead exemption. They rely on Orange Brevard Plumbing & Heating Co. v. La Croix, in which the supreme court stated:
[W]e hold the proceeds of a voluntary sale of a homestead to be exempt from the claims of creditors just as the homestead itself is exempt if, and only if, the vendor shows by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds thereof in another homestead within a reasonable time. Moreover, only so much of the proceeds of the sale as are intended to be reinvested in another homestead may be exempt under this holding.
137 So.2d at 206. The banks reason that sale proceeds can be exempt only if (a) used to pay off a mortgage obtained to buy or improve the homestead property, or (b) used to acquire a new homestead.
The banks read Orange Brevard too narrowly. We believe that the Orange Brevard court intended its holding to apply to the net proceeds of any sale of homestead property rather than to the gross proceeds of such a sale.
"[A] sale, gift or other disposition of property which is by law absolutely exempt from the payment of the owner's debts cannot be impeached by creditors as in fraud of their rights. Creditors have no right to complain of dealings with property which the law does not allow them to apply on their claims, even though such dealings are with a purpose to hinder, delay or defraud them."
Sneed v. Davis, 135 Fla. 271, 276-77, 184 So. 865, 868 (1938) (citation omitted); see also Rigby v. Middlebrooks, 102 Fla. 148, 150, 135 So. 563, 564 (1931); Nationwide Financial Corp. v. Thompson, 400 So.2d 559, 561 (Fla. 1st DCA 1981); Volpitta v. Fields, 369 So.2d 367, 369 (Fla. 4th DCA 1979); Fla. Const. art. X, § 4 (1968). *596 Thus, "[a] mortgage on homestead property cannot be impeached by creditors." Kitchens v. Kitchens, 142 So.2d 343, 344 (Fla. 2d DCA 1962).
The trial court's ruling was entirely correct. Judgment liens do not attach to homestead property and there is no way in which a judgment creditor can compel sale of such property to satisfy its claim. It would have been improper to permit the banks to accomplish indirectly that which they cannot do directly. See Hill v. First National Bank of Marianna, 79 Fla. 391, 399, 84 So. 190, 192 (1920).
Affirmed.