OGILVIE, CLAUDE, Associate Judge.
The purpose of this appeal is the review of a summary declaratory decree entered by the Circuit Court of Polk County, holding that non-bearing citrus trees owned by plaintiffs located in a nursery and being held as stock in trade or inventory, are tangible personal property and as such assessable for ad valorem tax. [Allegations of lack of uniformity and allegations of discrimination in the assessment of plaintiffs’ property as compared with other similar properties in the County, were not considered by the Chancellor; specifically reciting that plaintiffs intended to file a later suit raising these questions and making full compliance with Section 192.21, Florida Statutes, F.S.A.]
This section provides,
“All taxes imposed pursuant to the constitution and the laws of this state shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment, * * * and no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final, * *
The failure of the Appellants to pursue their administrative remedies and to bring their suit within sixty days from the time the assessment role became final precludes them from exploring in this suit the questions of lack of uniformity and discrimination in the assessment of plaintiffs’ property as compared with other similar properties in the County.
So, this appeal presents the applicability of Section 193.20, Florida Statutes, F.S.A., to the case at bar; whether the non-bearing citrus nursery stock owned by plaintiffs may be taxed as tangible personal property, the taxpayers having omitted from their tax returns said property, and claiming that such nursery stock was not taxable under Section 193.20, Florida Statutes, F.S.A., which reads in part as follows:
“ * * * for purposes of taxation all non-bearing fruit trees shall not be considered as adding any value to said land; * *
There are no allegations in the complaint showing the state of maturity of the trees involved in the assessment, or as to whether they had been balled, heeled out or potted for sale. The only proof before the Chancellor was the affidavit filed by the Appellees showing, that assessment .was upon nursery stock or trees as stock in *578 trade or inventory, and that none of it was non-bearing citrus trees situated or planted in a grove. There was no counter affidavit or proof filed by the Appellants.
Section 192.01, Florida Statutes, F.S.A., describes property subject to taxation as follows:
“Unless expressly exempted from taxation, all real and personal property in this state, and all personal property belonging to persons residing in this state, shall be subject to taxation in the manner provided by law.”
Section 192.02, Florida Statutes, F.S.A., defines real property as follows:
“For the purpose of taxation ‘real property’ shall be construed to include lands and all buildings, fixtures and other improvements thereon. When used in connection with taxation the terms ‘land’ and ‘real estate’ shall be construed as having the same meaning as real property above defined.”
Section 192.03, Florida Statutes, F.S.A., defines personal property as follows:
“For the purpose of taxation ‘personal property’ shall be construed to include all goods and chattels, money and effects, boats and vessels, debts due or to become due from solvent debtors whether on account, contract, note or otherwise, and all public stocks or shares in incorporated or unincorporated companies.”
The Courts of Florida have repeatedly held that unless a tax is imposed in clear and certain terms, it will be held not to have imposed the tax. We feel that Sections 192.01 and 192.02 impose the tax on nursery stock including citrus in clear and certain terms. However, there is a corollary to this rule of construction which is stated in the case of State ex rel. Wedgworth Farms, Inc. v. Thompson, Fla.1958, 101 So.2d 381, wherein the Supreme Court of Florida said:
* * * While a taxing statute is always construed liberally in favor of the taxpayer and against the tax collector, we must remember that exemptions and special benefits to particular taxpayers that remove them from the more burdensome requirements applicable to others are construed strictly against the exemption. * * * ”
The Appellants claim an exemption from the ad valorem tax by virtue of Section 193.20. We agree with the Chancellor that they have failed to allege sufficient facts to entitle them to this exemption; and that the whole record is devoid of proof to bring the case within the rule of L. Maxcy, Inc. v. Federal Land Bank of Columbia, 1933, 111 Fla. 116, 50 So. 248, 151 So. 276.
The decree appealed from is affirmed.
Affirmed.
SHANNON, C. J., and KANNER, J., concur.