487 So.2d 1065 (1986)
In re ESTATE OF Randolph A. SKURO.
No. 67059.
Supreme Court of Florida.
May 1, 1986.
Richard G. Coker, Jr., Fort Lauderdale, for petitioner.
Michael L. Trop of Kopelowitz, Atlas, Pearlman & Trop, P.A., Fort Lauderdale, for respondent.
McDONALD, Justice.
We accepted jurisdiction to respond to a certified question from the Fourth District Court of Appeal. In re Estate of Skuro, 467 So.2d 1098 (Fla. 4th DCA 1985); Art. V, § 3(b)(4), Fla. Const. The issue involved is whether title to homestead property which had been contracted for sale by the owner prior to his death passes under the terms of the decedent's will or under the provisions of section 732.401(1), Florida Statutes (1983).[1] The district court certified the question to be:
Does the doctrine of equitable conversion apply to contracts for sale of homestead real property?
467 So.2d at 1101. We hold that the property passes according to the statute and that the doctrine of equitable conversion does not apply when the titled owner is occupying the property as his home on the date of his death.
*1066 To resolve the legal issue presented, the parties stipulated that Randolph Skuro, unmarried but with two minor children, lived in a house in Coral Springs, Florida. Prior to his death, he entered into a contract for the sale of this property. Skuro continued to reside on the property with the children, but prior to the time specified for the closing died unexpectedly. He was survived by two adult and two minor children. Skuro had executed a will devising all his property to his minor children. At the time this case was presented to us the contract for sale remained unexecuted and no party had sought its enforcement.[2]
We believe it particularly significant in this case that Skuro resided on this property as his home when he died. Although not directly on point, the homestead tax exemption is analagous to the homestead exemption presented in this case, and it is noteworthy that the former is based on the claimant, or a dependent, residing on the property. For tax exemption purposes, section 6(a) of article VII, Florida Constitution, reads:
Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. The real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years.
Section 192.001(8), Florida Statutes (1983), reads:
"Homestead" means that property described in s. 6(a), Art. VII and s. 4(a)(1), Art. X of the State Constitution.
Section 196.015 reviews significant factors for homestead for tax purposes.
It has been said that when homestead status has been acquired, it continues until the homestead is abandoned (normally evidenced by the establishment of domicile at some other place) or alienated in the manner provided by law. M.O. Logue Sod Service, Inc. v. Logue, 422 So.2d 71 (Fla. 2d DCA 1971), citing Marsh v. Hartley, 109 So.2d 34, 38 (Fla. 2d DCA 1959). We approve of that statement and find that it should be applied here. Skuro had not abandoned the property, but actually resided there at his death. While he had signed a contract to sell, he had not alienated the property as that term is generally defined. Alienate means to convey; to transfer title to property. Black's Law Dictionary 66 (rev. 5th ed. 1979). The simple fact remains that at the time of his death, Skuro's home was still his homestead. He lived there and still had legal title to it, subject to whatever rights the contracting party had. While we recognize the doctrine of equitable conversion, because of the unique treatment of the law of homestead property, we find that doctrine inapplicable when the potential vendor is physically residing on the property as his home at the time of his death. Had Skuro abandoned possession and no longer claimed it as his family's place of abode, the doctrine would likely apply.
We approve the decision of the Fourth District Court of Appeal and answer the certified question in the negative.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON and SHAW, JJ., concur.
EHRLICH, J., concurs in result only.
NOTES
[1] This section reads:

If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent's death.
[2] We are not presented with and do not answer the question of whether specific performance lies for the conveyance of homestead property when the owner has died. In Buck v. McNab, 139 So.2d 734 (Fla. 2d DCA 1962), the district court recognized the right of specific performance against a decedent's estate in a nonhomestead case. See also In re Estate of Sweet, 254 So.2d 562 (Fla. 2d DCA 1971).