549 So.2d 1161 (1989)
Tyrone A. CAIN, Appellant,
v.
Debra F. CAIN, n/k/a Debra F. Lindstrom, Appellee.
No. 87-2871.
District Court of Appeal of Florida, Fourth District.
October 11, 1989.
*1162 Ann H. Perry of Kaplan, Sicking & Bloom, P.A. (withdrawn as counsel after filing brief), West Palm Beach, and Morris G. (Skip) Miller of Cohen, Scherer, Cohn & Silverman, P.A., North Palm Beach, for appellant.
Neil B. Jagolinzer of Christiansen, Jacknin, & Tuthill, P.A., West Palm Beach, for appellee.
POLEN, Judge.
This is an appeal from the trial court's order authorizing the sheriff's sale of the husband's undivided one-half interest in the former marital residence.
In March 1987 the trial court granted a final judgment of dissolution of marriage.
In June 1987 the trial court entered an order awarding the wife attorney's fees and costs. The husband failed to make any payments and the wife's attorney levied against the husband's one-half interest in the marital residence. The sheriff's sale upon the levy was scheduled to be held on October 27, 1987.
On October 23, 1987, the husband filed an affidavit of homestead which stayed the sale pending determination of the homestead issue. The wife, thereafter, filed a motion to determine the validity of appellant's affidavit.
At the hearing on October 26, 1987, the wife testified that she resided at the former marital home with her new husband and the children from her former marriage with appellant. Testimony showed that the husband had not resided at the marital home since March, 1987; that his support obligations had not been maintained and that he was three months in arrears in child support. Appellant testified that he received his mail at a rented address or his place of business and that he had been living at his mother's address since March 1987, even though he did not call this address home.
The trial court concluded that the former marital residence was not the husband's homestead since he was not the "head of the family." The trial court authorized and directed the sheriff to proceed with the sale. The husband appealed.
On appeal and after oral argument, this court relinquished jurisdiction to the trial court in order that it make a determination of the homestead issue in light of the 1985 amendment to article X, section 4(a), of the Florida Constitution and subsequent cases interpreting the amendment. No further proceedings resulted. This court directed supplemental briefs be filed. Appellant timely filed his brief. Appellee failed to answer.
We find that the trial court erred when it applied the "head of the family" standard and authorized the sheriff's sale.
The 1985 amendment to the Florida Constitution, article X, section 4, deleted the "head of the family" requirement and was amended to read in pertinent part:
(a) There shall be exempt from forced sale ... the following property owned by a natural person ....
(Emphasis added.)
Recent opinions of the Florida Supreme Court and this court have given guidance on the interpretation of the 1985 amendment. In Public Health Trust of Dade Co. v. Lopez, 531 So.2d 946, 948 (Fla. 1988), the court concluded:
Until 1985, the homestead protection was limited to those persons who qualified under the constitutionally designated term "head of family." See Art. X, Section 4, Fla. Const. (1983). In 1984, however, the people of Florida approved an amendment changing the term "head of family" to "a natural person." The amendment thus expanded the class of persons who can take advantage of the homestead provisions and its protections... . .
... As Representative Hawkins, who sponsored the amendment in the House of Representatives, explained, the purpose of the revision was "to give protection against forced sale for the homestead of a single person, a divorced person, *1163 any person who has a homestead, rather than just a head of a family." House Judiciary Full Committee Meeting, March 29, 1983.
See also In re: Estate of Scholtz, 543 So.2d 219 (Fla. 1989); In re: Estate of Boyd, 519 So.2d 692 (Fla. 4th DCA 1988) (the abandonment concept tied to the "head of household" requirement of the prior homestead constitutional scheme did not survive the 1985 amendment).
The 1985 amendment, therefore, expanded protection rather then limiting it as the "head of family" standard did. Homestead exemption is to be construed liberally for the benefit of those whom it was designed to protect. In re: Estate of Skuro, 467 So.2d 1098 (Fla. 4th DCA 1985), aff'd, 487 So.2d 1065 (Fla. 1986). An award of possession of the marital residence to a wife does not extinguish the husband's homestead. In re: Estate of Melisi, 440 So.2d 584 (Fla. 4th DCA 1983). Once homestead status is acquired, it continues until the homestead is abandoned or alienated in the manner provided by law. M.O. Logue Sod Service, Inc. v. Logue, 422 So.2d 71, 72 (Fla. 2d DCA 1982), review denied, 430 So.2d 451 (Fla. 1983). To show abandonment, both the owner and his family must have abandoned the property. Nationwide Financial Corp. of Colorado v. Thompson, 400 So.2d 559 (Fla. 1st DCA 1981).
In the instant case, the husband left the former marital residence pursuant to an order of the trial court awarding possession of the residence to the wife. The husband's children still resided at the former marital residence and he occasionally received mail there. The husband continued ownership of the former marital residence and the record reflects neither alienation of his interest nor intent on his part to establish a homestead elsewhere. Thus, it was error for the trial court to order the levy on the husband's one-half interest.
Lastly, we feel constrained to bring to appellee's attention her failure to file a supplemental brief pursuant to this court's order of July 18, 1989. Attention is drawn to appellee's responsibility to support the ruling of the trial court or concede error and assist the appellate court through the medium of a responsive brief under Fla.R. App.P. 9.200. See also Slomovic v. Ves Carpenter Contractors, Inc., 292 So.2d 60 (Fla. 4th DCA 1974).
The order denying the husband's homestead exemption and ordering a sheriff's sale is reversed and remanded to the trial court with directions to enter an order for the husband.
REVERSED AND REMANDED.
DOWNEY and DELL, JJ., concur.