558 So.2d 442 (1990)
The LAKES OF EMERALD HILLS, Appellant,
v.
Warren E. SILVERMAN and Judith G. Silverman, His Wife, et al., Appellees.
Nos. 89-1257, 89-1315.
District Court of Appeal of Florida, Fourth District.
February 21, 1990.
Rehearing and Rehearing Denied April 19, 1990.
Neil F. Garfield and Sanford Z. Chevlin of Law Offices of Neil F. Garfield, P.A., Lauderhill, for appellant.
No brief filed for appellees.
Rehearing and Rehearing En Banc Denied April 19, 1990.
PER CURIAM.
We affirm the order of the trial court, determining that each side should *443 pay its own attorney's fees and costs, in this action between homeowners and the homeowners' association as to whether appellees (Silverman, etc.) were properly billed for certain security services hired by the association. Neither the homeowners' association bylaws, nor the statutes relied upon by appellant, sections 718.303(1) and 719.303(1), Florida Statutes (1987), support appellant's theory as to entitlement to attorney's fees. Neither is appellant clearly entitled to attorney's fees as the "prevailing party" nor under section 57.105, Florida Statutes (1987).
Notwithstanding our affirmance, we wish to point out that the appellee has the responsibility to support the trial court's ruling or concede error and to assist the appellate court through the medium of a responsive brief. Cain v. Cain, 549 So.2d 1161 (Fla. 4th DCA 1989); Slomovic v. Ves Carpenter Contractors, Inc., 292 So.2d 60 (Fla. 4th DCA 1974). In this case appellees neither filed a brief nor provided us any written reason for their failure to do so. While this court recognizes the economic realities of compensating appellate counsel in a case of this nature, at the very least, there should be some written communication to the court explaining the failure to provide such brief.
ANSTEAD, WALDEN and POLEN, JJ., concur.