PER CURIAM.
This is an appeal of an order which dismissed appellant’s complaint for failure to state a cause of action. We reverse.
Appellant filed a complaint alleging a violation of his civil rights based upon the *507 actions of various Department of Corrections’ employees. The trial court dismissed the complaint for failure to state a cause of action. We have reviewed appellant’s brief and the record. Unfortunately, the appel-lees affirmatively chose not to file a brief.[1] Admittedly, appellees are not required to file a brief, Board of Optometry v. Florida Society of Ophthalmology, 538 So.2d 878, 889 (Fla. 1st DCA 1988); however, the better practice is to file a brief or a confession of error. Lakes of Emerald Hills v. Silverman, 558 So.2d 442 (Fla. 4th DCA 1990). In our opinion the complaint states a cause of action. Ultimately appellant may not prevail, but it was error to dismiss the complaint.[2]
Accordingly, we reverse the order on appeal and remand to the trial court for further proceedings consistent with this opinion.
JOANOS, C.J., and ERVIN and MINER, JJ., concur.

. Appellees’ counsel filed a “Notice To The Court” which explained that normally the Department of Legal Affairs (Legal Affairs) handles such appeals, but because the appellees had not been served with process below, Legal Affairs had declined to provide representation. The notice further explained that the attorneys who work directly for DOC "[are] regrettably unable to provide an answer brief” because of “the limited legal staff of the Department.”

. It appears from the record that the court took evidence and after deciding the appellant could not factually prevail, dismissed the complaint. This order reversing the dismissal of the complaint does not prevent the court from granting summary judgment, if appropriate.