WOLF, Judge.
Liana appeals from a final order of the Department of Health and Rehabilitative Services (HRS) which denied her request for certain aid for dependent children benefits (AFDC). The appellant’s challenge is based on the alleged invalidity of rule 10C-1.94, Florida Administrative Code. Appellant asserts that the rule is invalid based on the theory of federal preemption. We determine that appellant has failed to demonstrate that HRS improperly determined her eligibility for AFDC benefits, or that the rule adopted by HRS was preempted by federal statutes and regulations.
On January 27, 1986, appellant was injured in a car accident and hospitalized for a ten-week period. Her daughter, Shannon Phillips, received minor injuries and was treated and released to her maternal grandparents, Jerard and Evelyn Liana. Prior to the accident, Shannon resided with appellant in an efficiency apartment on Marco Island. After the accident, Shannon remained with the grandparents.[1] However, Shannon continued to attend the same school and kept most of her belongings at the efficiency. Shannon was taken to the hospital three times a week to visit the appellant, and it was understood that appellant would continue to make decisions about Shannon’s day-to-day activities. Furthermore, appellant continued to exercise control over Shannon. After her release from the hospital, appellant lived with her parents for one week before returning to the efficiency apartment.
*1375 In April 1986, appellant applied for AFDC and Medicaid benefits for herself and her child. She requested retroactive Medicaid coverage for the months of January, February and March of 1986.[2] These benefits were denied. The hearing officer found that benefits were properly denied in April 1986 because “needs of an individual may be included in only one assistance grant at a given time. Shannon’s needs were included during April 1986 in Mr. Liana’s grant” (her grandfather in whose home she was residing). HRS also determined that appellant was not eligible for benefits because during her absence Shannon was not cared for in the family home.
Rule IOC-1.94 states in pertinent part as follows:
(1) The child must live with the parent or a relative within the degree specified in 45 CFR 233.90 in a place of residence maintained by the parent or relative as his/her own home. A home is the family setting maintained or in the process of being established by the parent or relative. The parent or relative must assume and continue to take day-to-day care and responsibility for the child in this family setting ... (3) Temporary absences of the child or parent/relative of more than 30 days do not affect eligibility when: (a) The parent or relative continues to exercise care and control of the child during the absence, and (b) The home is maintained throughout the period of absence, and (c) A definite plan exists for the absent child or parent/relative to return to the home at the end of the temporary period, and (d) During a parent or relative’s absence, provision has been made for a responsible person to care for the child in the family home, and (e) The parent’s absence is for one of the following reasons: receipt of medical care; rehabilitation or therapy; a vacation visit; seeking or engaging in employment; or to handle a family emergency ...
Appellant alleges that rule IOC-1.94, Florida Administrative Code, and HRS’s decision in this case are in conflict with federal laws and regulations. It is unclear in appellant’s brief specifically what sections of the United States Code or of the federal regulations are alleged to be in conflict with HRS’s rule or decision in this case.
The appellant makes reference to 42 United States Code, section 601, and 45 Code of Federal Regulations, section 233.-90(1)(B). 42 United States Code, section 601, in pertinent part provides that AFDC benefits are designed to encourage “the care of dependent children in their own homes or in homes of relatives by encouraging each state to furnish financial assistance.” 45 Code of Federal Regulations, section 233 in pertinent part provides,
A home is the family setting maintained or in the process of being established, as evidenced by assumption and continuation of responsibility for day to day care by the relative with whom the child is living. A home exists so long as the relative exercises responsibility for the care and control of the child, even though either the child or the relative is temporarily absent from the customary family setting.
We find that the HRS rule and interpretation are not in conflict with either of those sections.
As a condition of receiving federal financial participation, a state must operate its AFDC in accordance with federal law. See 42 U.S.C. § 602(a)(26)(B); Kelly v. Department of Health and Rehabilitative Servs., 596 So.2d 130 (Fla. 1st DCA 1992). HRS’s policies, therefore, cannot conflict with federal law or regulation. Kelly, supra. The state, however, is allowed to implement an approved plan which is not inconsistent with federal law. 42 U.S.C. § 602.
Neither side has directed us to any federal rule or regulation concerning (1) whether a home exists for the purpose of eligibility for AFDC grants when there is a temporary absence of both parent and child from *1376 the family setting, and (2) what constitutes a temporary absence from the home.
HRS’s rules and the decision in the instant case (1) reasonably defined terms not specifically addressed within the federal statutes; (2) provided benefits to the relatives with whom the child was residing during the period in question; and (3) precluded duplicative benefits from being provided since the grandparents are eligible to receive benefits while the daughter is residing in their home, and neither the mother nor the child were residing in the family home during this period.
We find no conflict with the federal laws, and affirm.
KAHN, J., concurs.
BOOTH, J., dissents with written opinion.

. Appellant testified that the efficiency apartment was very small, and there was no practical way for the grandparents to live with Shannon in that home.

. Appellant would be entitled to retroactive Medicaid benefits if she would have been eligible for AFDC benefits during the three months prior to the application. 42 U.S.C. § 1396a(a)(10)(A) and 42 C.F.R. § 435.110.