Mr. Steven A. Schultz, Attorney Dade County Value Adjustment Board First Union Financial Center, Suite 3150 200 South Biscayne Boulevard Miami, Florida 33131-2311
Dear Mr. Schultz:
As attorney for the Dade County Value Adjustment Board, you have requested an opinion on substantially the following question:
Must a taxpayer physically occupy residential property on January 1 of the relevant tax year in order to initially qualify for the homestead tax exemption established by Article VII, section 6, Florida Constitution?
In sum:
A taxpayer must reside on the property on January 1 of the relevant tax year in order to satisfy the requirements of ArticleVII, section 6, Florida Constitution, and section 196.031, Florida Statutes, which authorize the tax exemption for qualified homestead property. However, Florida courts have held that the physical presence of the owner is not a requirement of either the Florida Constitution or the statute.
You have asked whether "physical occupancy" of residential property is required in order to initially qualify for the homestead tax exemption established by Article VII, section 6, Florida Constitution. The Constitution and the relevant statutes do not require the physical presence of the property owner on January 1, rather the owner must "reside" on the property and use it as a homestead. Based on Florida court decisions, I conclude that physical presence is not the equivalent of residence.
The Dade County Value Adjustment Board is a quasi-judicial governmental body created pursuant to section 194.015, Florida Statutes. Among other things, the board hears appeals initiated by taxpayers contesting the denial of tax exemptions or the valuation of their properties for tax purposes by the Dade County Property Appraiser. The board, after a hearing, has the power and duty to grant tax exemptions, including homestead exemptions, for those properties it determines to be eligible for such exemptions, based on established legal principles and the evidence presented. In light of these powers and duties, the board has requested this office's assistance in determining the applicability of the homestead exemption.
It is an elemental part of the tax law of Florida that, in order to qualify for the benefit of a tax exemption, the person seeking the exemption must clearly come within the requirements and scope of the law granting the exemption.[1] While doubtful language in taxing statutes should be resolved in favor of the taxpayer, the reverse is applicable in the construction of exceptions and exemptions from taxation.[2] The question of residence and its permanency must be determined from all the facts and circumstances by the property appraiser in the first instance and may not be usurped by this office or by another entity.[3]
Florida's tax exemption for homesteads is provided by Article VII, section 6, Florida Constitution, and section 196.031, Florida Statutes. The constitutional provision does not establish an absolute right to a homestead exemption; rather, the exemption may be granted to an applicant only "upon establishment of right thereto in the manner prescribed by law."[4] However, interpretation of the homestead exemptions under Florida law are entitled to consideration in the "liberal and beneficent spirit in which they were enacted to protect the family home."[5]
Section 196.031, Florida Statutes, which substantially tracks the language of and implements the constitutional provision states:
"(1) Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of [$25,000] on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. . . ."[6]
Thus, based on the use of the conjunctive "and" in section196.031(1), Florida, Statutes, entitlement to Florida's homestead exemption from taxation is determined by the simultaneous existence of three factors on January 1 of the tax year: 1) possession of legal or equitable title to the property, and 2) residence on the property, and 3) the intention of the taxpayer to make the property their permanent residence.[7] Further, the administrative rule adopted by the Department of Revenue to implement section 196.031, Florida Statutes, provides:
"(1) For one to make a certain parcel of land his permanent home, he must reside thereon with a present intention of living there indefinitely and with no present intention of moving therefrom. (2) A property owner who, in good faith, makes real property in this state his permanent home is entitled to homestead tax exemption[.]"[8]
Considering the constitutional provision, the statute, and the administrative rule set out above, this office in Attorney General's Opinion 79-50 concluded that "[i]t is necessary for all persons, including military personnel, who own real property, or those persons who are legally or naturally dependent upon such owners, to occupy the real property as a permanent home or place of residence in order for the owner thereof to be entitled to the constitutional homestead exemption from taxation."[9] As this office noted in that opinion, the language of Article VII, section6, Florida Constitution, makes occupancy essential to the establishment of a homestead and entitlement to a homestead tax exemption.
However, the courts have noted that mere physical presence on the property is not determinative in resolving entitlement to a homestead exemption. Most recently in Crain v. Putnam,[10] the Fourth District Court of Appeal reviewed the denial of a homestead exemption because the property owner, who had not lived in her home since 1992, had been placed in a nursing home in a vegetative state. While this case involved the renewal of an exemption rather than an initial application, the court's discussion relates to the requirement of physical presence on the property and is applicable to your inquiry.
In this case the property owner was involuntarily taken from her homestead to the hospital and, because of her physical and mental condition, she could not have communicated any intention regarding her residence. She remained hospitalized in a vegetative state. Her furniture, clothing and most of her other possessions remained in the home, and her mail was delivered there.
The trial court concluded that if the property owner was not actually physically present on the property, for whatever reason, no homestead exemption was available to her. The appellate court reversed, recognizing that all other factors evidenced the intent that the home was the residence of the property owner and holding that her physical presence on the property was not a requirement for the exemption.
Further, the language of the statute itself, section 196.031(1), Florida Statutes, recognizes that the owner of property may claim a homestead exemption without the necessity of physical presence on the property. The statute provides that if the property is "the permanent residence of another or others legally or naturally dependent upon such person[,]" the property owner may be eligible for a homestead tax exemption without regard to whether the property owner resides on the property.
Accordingly, it is my opinion that a taxpayer must reside in residential property on January 1 of the relevant tax year in order to satisfy the requirements of Article VII, section 6, Florida Constitution, and section 196.031, Florida Statutes, which authorize the tax exemption for qualified homestead property. However, Florida courts have determined that actual physical presence on the property is not a constitutional or statutory requirement for entitlement to the exemption.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Green v. Pederson, 99 So.2d 292 (Fla. 1957).
[2] United States Gypsum Company v. Green, 110 So.2d 409 (Fla. 1959); Straughn v. Camp, 293 So.2d 689 (Fla. 1974); State v.Thompson, 101 So.2d 381 (Fla. 1958); and Lake Garfield NurseriesCompany v. White, 149 So.2d 576 (Fla. 2d DCA 1963).
[3] See, s. 196.151, Fla. Stat. And see, Ops. Att'y Gen. Fla. 82-99 (1982), 79-50 (1979), 74-115 (1974), 72-154 (1972), and 58-329 (1958).
[4] Horne v. Markham, 288 So.2d 196, 199 (Fla. 1973).
[5] See, e.g., Op. Att'y Gen. Fla. 71-398 (1971); and cf., Inre: Estate of Skuro, 467 So.2d 1098 (Fla. 4th DCA 1985), aff'd,487 So.2d 1065 (Fla. 1986) and Cain v. Cain, 549 So.2d 1161
(Fla. 4th DCA 1989) (homestead exemption is to be construed liberally for benefit of those whom it is designed to protect).
[6] See, s. 196.031(3)(e), Fla. Stat., changing the assessed valuation from $5,000 to $25,000 for levies of taxing authorities other than school districts.
[7] See, s. 196.015, Fla. Stat., setting forth relevant factors that may be considered by the property appraiser in making his or her determination regarding the establishment of permanent residency in this state.
[8] Rule 12D-7.007, Florida Administrative Code.
[9] And see, Op. Att'y Gen. Fla. 74-115 (1974) ("[B]oth military personnel and civilians must satisfy the permanent residence requirement of the Constitution and statutes before a homestead exemption may properly be granted. An exception is provided by ss.196.061 and 196.071, F.S., so that military personnel who have qualified for Florida's homestead exemption but later transfer their residence temporarily to another location because of their military duties will not lose their Florida homestead tax exemption.")
[10] 22 FLW D287 (Fla. 4th DCA Opinion filed January 29, 1997).