The Honorable J. Hal Chewning, Jr. Dixie County Property Appraiser Post Office Box 260 Cross City, Florida 32628-0260
Dear Mr. Chewning:
You have asked for my opinion on substantially the following question:
Can an individual serving on active military duty meet the residency requirements for the tax exemption for homesteads in Dixie County while serving outside the State of Florida if the service member's official home of record at the time of enlistment was in another county and the service member had no title to property in Dixie County at the time of entry into active duty?
In sum:
A military service member may meet the residency requirements for a tax exemption for homesteads in Dixie County although his or her former official home of record was in another county and the service member had no property titled in his or her name in Dixie County.
It is an elemental part of Florida tax law that, in order to qualify for the benefit of a tax exemption, the person seeking the exemption must clearly come within the requirements and scope of the law granting the exemption.[1] While questionable language in taxing statutes should be resolved in favor of the taxpayer, the reverse is true in the construction of exceptions and exemptions from taxation.[2] The question of residence and its permanency must be initially determined from all the facts and circumstances by the property appraiser and may not be undertaken by this office or by another entity.[3]
Florida's tax exemption for homesteads is provided by Article VII, section 6, Florida Constitution, and section 196.031, Florida Statutes. The constitutional provision does not establish an absolute right to a homestead exemption; rather, the exemption may be granted to an applicant only "upon establishment of right thereto in the manner prescribed by law."[4] However, interpretations of the homestead exemptions under Florida law are entitled to consideration in the "liberal and beneficent spirit in which they were enacted to protect the family home."[5]
Section 196.031, Florida Statutes, which substantially tracks the language of and implements the constitutional provision, states:
"(1) Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of [$25,000] on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution."[6]
Thus, based on the use of the conjunctive "and" in section 196.031(1), Florida Statutes, entitlement to Florida's homestead exemption from taxation is determined by the simultaneous existence of three factors on January 1 of the tax year: 1) possession of legal or equitable title to the property, and 2) residence on the property, and 3) the intention of the taxpayer to make the property his or her permanent residence.[7]
Considering the constitutional provision and the statute, this office concluded in Attorney General's Opinion 79-50 that "[i]t is necessary for all persons, including military personnel, who own real property, or those persons who are legally or naturally dependent upon such owners, to occupy the real property as a permanent home or place of residence in order for the owner thereof to be entitled to the constitutional homestead exemption from taxation."[8] As the opinion notes, the language of Article VII, section 6, Florida Constitution, makes occupancy essential to the establishment of a homestead and entitlement to a homestead tax exemption.
However, the courts have noted that mere physical presence on the property is not determinative in resolving entitlement to a homestead exemption. In Crain v. Putnam,[9] the Fourth District Court of Appeal reviewed the denial of a homestead exemption because the property owner, who had not lived in her home since 1992, had been placed in a nursing home in a vegetative state.
In that case the property owner had been involuntarily taken from her homestead to the hospital and, because of her physical and mental condition, could not have communicated any intention regarding her residence. She remained hospitalized in a vegetative state. Her furniture, clothing and most of her other possessions remained in the residence, and her mail was delivered there. The appellate court recognized that all the evidence considered together indicated the intent that the home was the residence of the property owner and held that her physical presence on the property was not a requirement for the exemption.
Further, the language of section 196.031(1), Florida Statutes, recognizes that the owner of property may claim a homestead exemption without the necessity of physical presence on the property. The statute provides that if the property is "the permanent residence of another or others legally or naturally dependent upon such person[,]" the property owner may be eligible for a homestead tax exemption without regard to whether the property owner resides on the property.
With regard to military personnel, the statutes contain specific language acknowledging that physical presence is not essential to a determination of permanent residence. Section 196.061, Florida Statutes, generally makes the rental of homestead property to another an abandonment of such property for homestead tax exemption purposes. However the statute contains this exception: "The provisions of this section shall not apply to a member of the Armed Forces of the United States whose service in such forces is the result of a mandatory obligation imposed by the federal Selective Service Act or who volunteers for service as a member of the Armed Forces of the United States." Thus, service personnel who are called to active duty and rent their homestead property to another may continue to qualify for and receive a homestead tax exemption on such property under the terms of this statute. Clearly, actual physical presence on homestead property is not determinative in resolving entitlement to a homestead exemption for military personnel.
Pursuant to section 196.015, Florida Statutes, intention to establish a permanent residence in this state is a factual determination that is initially made by the property appraiser. This statute provides that although no one factor is conclusive of the establishment of permanent residence, a number of relevant factors that may be considered by the property appraiser are relevant in making this determination:
"(1) Formal declarations of the applicant. (2) Informal statements of the applicant. (3) The place of employment of the applicant. (4) The previous permanent residency by the applicant in a state other than Florida or in another country and the date non-Florida residency was terminated. (5) The place where the applicant is registered to vote. (6) The place of issuance of a driver's license to the applicant. (7) The place of issuance of a license tag on any motor vehicle owned by the applicant. (8) The address as listed on federal income tax returns filed by the applicant. (9) The previous filing of Florida intangible tax returns by the applicant."
All of these factors may be considered by the property appraiser in making a determination of whether permanent residency has been established.
In addition, a consideration of the Soldiers' and Sailors' Civil Relief Act of 1940 is necessary to any consideration of the residency status of military personnel. That federal provision states that for purposes of taxation, those serving in the military do not lose their residence or domicile in a particular state or political subdivision by reason of their absence therefrom in compliance with military or naval orders.[10]
Thus, for taxation purposes, federal law creates a presumption that a member of the military is a resident of the county in which he or she was a permanent resident upon entering military service.
Florida clearly recognizes the significance of extending the homestead exemption to members of the armed forces:
"Every person who is entitled to homestead exemption in this state and who is serving in any branch of the Armed Forces of the United States, shall file a claim for such exemption as required by law, either in person, or, if by reason of such service he or she is unable to file such claim in person he or she may file such claim through his or her next of kin or through any other person he or she may duly authorize in writing to file such claim."[11]
However, as discussed above, the person seeking the exemption must clearly come within the requirements and scope of the law granting the exemption.
The issue of residence and its permanency must be resolved by the property appraiser based on all the facts and circumstances in a particular case.[12] It is my opinion, therefore, that the fact that a military service member's former official home of record was in another county and the service member had no property titled in his or her name at the time of entry into active military service is not conclusive of the entitlement to a homestead exemption in Dixie County.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Green v. Pederson, 99 So.2d 292 (Fla. 1957).
[2] United States Gypsum Company v. Green, 110 So.2d 409 (Fla. 1959); Straughn v. Camp, 293 So.2d 689 (Fla. 1974); State ex rel.Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla. 1958); andLake Garfield Nurseries Company v. White, 149 So.2d 576 (Fla. 2d DCA 1963).
[3] See, s. 196.151, Fla. Stat. And see, Ops. Att'y Gen. Fla. 82-99 (1982), 79-50 (1979), 74-115 (1974), 72-154 (1972), and 58-329 (1958).
[4] Horne v. Markham, 288 So.2d 196, 199 (Fla. 1973).
[5] See, e.g., Op. Att'y Gen. Fla. 71-398 (1971); and cf., In re Estateof Skuro, 467 So.2d 1098 (Fla. 4th DCA 1985), aff'd, 487 So.2d 1065
(Fla. 1986) and Cain v. Cain, 549 So.2d 1161 (Fla. 4th DCA 1989) (homestead exemption is to be construed liberally for benefit of those whom it is designed to protect).
[6] See, s. 196.031(3)(e), Fla. Stat., changing the assessed valuation from $5,000 to $25,000 for levies of taxing authorities other than school districts.
[7] See, s. 196.015, Fla. Stat., setting forth relevant factors that may be considered by the property appraiser in making his or her determination regarding the establishment of permanent residency in this state. And see, Rule 12D-7.007, Florida Administrative Code, which provides:
"(1) For one to make a certain parcel of land his permanent home, he must reside thereon with a present intention of living there indefinitely and with no present intention of moving therefrom. (2) A property owner who, in good faith, makes real property in this state his permanent home is entitled to homestead tax exemption[.]"
[8] And see, Op. Att'y Gen. Fla. 74-115 (1974) ("[B]oth military personnel and civilians must satisfy the permanent residence requirement of the Constitution and statutes before a homestead exemption may properly be granted. An exception is provided by ss. 196.061 and 196.071, F.S., so that military personnel who have qualified for Florida's homestead tax exemption but later transfer their residence temporarily to another location because of their military duties will not lose their Florida homestead tax exemption.")
[9] 687 So.2d 1325 ((Fla. 4th DCA 1997).
[10] See, 50 App. USCA s. 574(1), of the Soldiers' and Sailors' Civil Relief Act of 1940.
[11] Section 196.071, Fla. Stat.
[12] As this office concluded in Attorney General's Opinion 74-115 (1974):
"An applicant for Florida's homestead tax exemption is not required to be a citizen or to have purchased Florida license plates for his of her motor vehicles nor to have registered to vote in the county in which the homestead property is located in order to qualify for the homestead tax exemption. Such facts may be looked to by the assessor in making his or her determination of whether the applicant has established his or her "permanent residence" on the property, but the presence or absence of such facts is not conclusive of the establishment or nonestablishment of permanent residence. Military personnel may establish permanent residence in Florida and qualify for Florida's homestead tax exemption, but if such personnel retain their legal residence of domicile in another state by availing themselves of certain provisions of the Soldiers and Sailors Civil Relief Act, such action would appear to negate any assertion that Florida is their permanent residence."