979 So.2d 445 (2008)
Daniel STEADLY, Appellant,
v.
Lance WEINBERG, Appellee.
No. 4D06-4082.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
*446 Charles Wender, Boca Raton, for appellant.
Scott A. Weires of Hodgson, Russ, LLP., Boca Raton, for appellee.
FARMER, J.
The issue involves specific performance of a contract to sell real property which, at the time of contracting, was seller's homestead. Seller decided not to close the sale because of a lien affecting the property. Seller then married. Several weeks later, buyer filed this action for specific performance but did not join seller's new spouse. Seller moved to dismiss for failure to join an indispensable party. The trial court denied the motion and granted buyer's motion for summary judgment. We reverse.
Organic law requires the spouse of the owner of homestead to join in any conveyance. See Art. X, § 4(c), Fla. Const. ("The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by . . . sale. . . ."). Buyer argues that when the seller contracts and defaults before marriage, joinder of an intervening spouse is not necessary in a suit for specific performance. Buyer argues that the contract made before marriage represented a "conveyance" of seller's "beneficial interest" in the property and therefore the subsequent marriage has no effect for purposes of the homestead law.
In In re Estate of Skuro, 487 So.2d 1065 (Fla.1986), the seller contracted to sell the homestead but died before closing. Buyer argued he had acquired a beneficial interest by the execution of the contract for sale. Seller's children claimed that when the seller died before closing, title passed to them under the homestead law. The Supreme Court held that the property remained homestead, which was not impaired by the contract. The court explained:
"Skuro had not abandoned the property, but actually resided there at his death. While he had signed a contract to sell, he had not alienated the property as that term is generally defined. Alienate means to convey; to transfer title to property. The simple fact remains that at the time of his death, Skuro's home was still his homestead. He lived there and still had legal title to it, subject to whatever rights the contracting party had. While we recognize the doctrine of equitable conversion, because of the unique treatment of the law of homestead property, we find that doctrine inapplicable when the potential vendor is physically residing on the property as his home at the time of his death." [c.o.]
487 So.2d at 1066. The Supreme Court also noted that it was not presented with the question whether specific performance of the contract would be available upon the death of the seller before closing. We understand the essential holding of the *447 Supreme Court to be that the mere execution of the contract did not impair the homestead status.
We think Skuro controls this case. Here the property was homestead when seller entered into the contract. His marriage occurred before a closing could be held. The property remained homestead, but with a pretermitted spouse now having a beneficial interest in the property. By virtue of the marriage, she became a party whose rights would be affected by a decree ordering specific performance of the contract of sale.
Because reversal is necessary, we point out that buyer will have to offer evidence of his ability to close on the contract, should specific performance be indicated in any future proceedings. See Taylor v. Richards, 971 So.2d 127 (Fla. 4th DCA 2007) (holding that, to prove that prospective buyer of property is ready, willing and able to buy, so as to be entitled to specific performance of the sales contract, buyer must show that he is able to command the necessary money to close the deal on reasonable notice or within the time stipulated by the parties). The record does not show any evidence meeting that requirement to support a summary judgment in that regard.
Reversed.
TAYLOR, J., and DAVIDSON, LISA, Associate Judge, concur.